JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOSEPH HURD

**DEFENDANTS**

MRS. RESSLER'S FOOD PRODUCTS, CO.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia. PA 19103: 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane      ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability      ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander       Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability      ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine       Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle      ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability     ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury      ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -       Product Liability | ☒ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting      ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment      ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations      ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -      ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment      **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -      ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other      ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education      ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq

Brief description of cause:
Interference and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
Jun 25, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 5501 Tabor Avenue, Philadelphia, PA 19120 _____

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Wage and Hour Class Action/Collective Action
☐  6.   Patent
☐  7.   Copyright/Trademark
☐  8.   Employment
☒  9.   Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐  16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify)*:_____
☐  7.   Products Liability
☐  8.   All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------------
JOSEPH HURD                          :
601 W Cliveden Street, Apt. 404      :    CIVIL ACTION NO.: _____
Philadelphia, PA 19119               :
                                     :
                 Plaintiff,          :
                                     :
           v.                        :    JURY TRIAL DEMANDED
                                     :
MRS. RESSLER'S FOOD                  :
PRODUCTS, CO.                        :
5501 Tabor Avenue                    :
Philadelphia, PA 19120               :
                 Defendant.          :
------------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff, Joseph Hurd ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Mrs. Ressler's Food Products, Co. ("Defendant"), alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this Complaint contending that Defendant interfered with the exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.,* and retaliated against Plaintiff for exercising and/or attempting to exercise his rights under the same.

### PARTIES

2.    Plaintiff, Joseph Hurd, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 601 W Cliveden Street, Apt. 404, Philadelphia, PA 19119.

3.    Upon information and belief, Defendant, Mrs. Ressler's Food Products, Co., is a for-profit corporation organized and existing under the laws of the Commonwealth of

Pennsylvania, with a registered office address and principal place of business located at 5501 Tabor Avenue, Philadelphia, PA 19120.

**JURISDICTION AND VENUE**.

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      This is an action authorized pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

7.      The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district

**FACTUAL BACKGROUND**

8.      Paragraphs 1 through 7 are hereby incorporated by reference, as though the same were fully set forth at length herein.

9.      Upon information and belief, Defendant has employed 50 or more employees within a 75-mile radius of Plaintiff's worksite in Philadelphia, PA during at least 20 workweeks in 2024, 2023, and 2022.

10.     In or around 2022, Plaintiff began his employment with Defendant in the shipping department.

11.     Plaintiff was a full-time employee who worked more than 1,250 hours per year for Defendant, including in 2024.

12.     On or about March 24, 2025, Plaintiff suffered an ankle injury, which required replacement surgery.

13. An ankle injury, which necessitates replacement surgery, constitutes a serious health condition within the meaning of the FMLA in that it requires ongoing care and/or treatment for an extended period.

14. Plaintiff's ankle replacement surgery was scheduled for on or about April 14, 2025.

15. Accordingly, Plaintiff apprised Defendant of his serious health condition and need for surgery in connection thereto, and submitted a request for leave under the FMLA to Defendant's Human Resources Manager, Amanda Tyler ("Ms. Tyler").

16. Plaintiff was eligible for leave under the FMLA because he worked at a location where at least 50 employees were employed by Defendant within 75 miles of Plaintiff's location, he worked for Defendant for at least one year, and he worked at least 1,250 hours over the last 12 months.

17. Pursuant to Plaintiff's request, on or about March 28, 2025, Ms. Tyler sent Plaintiff FMLA documents via email.

18. Then, on or about April 9, 2025, Plaintiff's doctor faxed Defendant completed FMLA paperwork.

19. Subsequent thereto, Defendant approved Plaintiff's request for medical leave under the FMLA.

20. At that time, Defendant advised Plaintiff that he had until on or about June 17, 2025, to return back to work under the FMLA.

21. Despite this, on or about May 16, 2025, Plaintiff was contacted by his coworker, who informed Plaintiff that his name was removed from Defendant's board.

22. At no time prior thereto did Defendant apprise Plaintiff of the fact that his name would be removed.

23. That same day, on or about May 16, 2025, Plaintiff contacted Ms. Tyler to ask why his name had been removed by Defendant.

24. During this call, Plaintiff was advised by Ms. Tyler that he was terminated from employment for "insurance reasons."

25. In addition, Ms. Tyler further advised that Defendant did not wish to continue to pay for Plaintiff's insurance since Plaintiff was not hurt at Defendants worksite.

26. Despite Ms. Tyler alleging that she attempted to contact Plaintiff, at no time prior to this conversation did Plaintiff receive a call, email, and/or letter from Defendant concerning his continued employment with Defendant.

27. At the conclusion of this call, Plaintiff inquired whether he could be rehired by Defendant once released back to work by his doctor, which Ms. Tyler confirmed.

28. Following Plaintiff's release back to work, Plaintiff reapplied to Defendant.

29. However, despite Ms. Tyler previously confirming Plaintiff's rehire eligibility, Plaintiff has not heard back from Ms. Tyler and/or Defendant regarding his application for employment.

30. Moreover, during Plaintiff's Unemployment Compensation hearing, Defendant alleged that Plaintiff's medical leave under the FMLA was Plaintiff's "voluntary resignation," effective on or about June 12, 2025; just five days before the conclusion of Plaintiff's medical leave under the FMLA.

31. To be exceedingly clear, at no time did Plaintiff voluntarily resign and/or intend on resigning from employment, and fully intended on returning back to work upon the conclusion of his protected FMLA medical leave.

32.     It is believed, and therefore averred, that Defendant terminated Plaintiff's employment because Plaintiff exercised and/or attempted to exercise his rights under the FMLA to take leave in order to care for his own serious health condition.

33.     As a result of Defendant's actions, Plaintiff was prevented from exercising his right to up to 12 weeks of protected leave under the FMLA.

34.     It is believed, and therefore averred, that Defendant terminated Plaintiff's employment in retaliation for exercising and/or attempting to exercise his rights under the FMLA.

35.     It is further believed, and therefore averred, that Defendant failed to rehire Plaintiff for employment in retaliation for exercising and/or attempting to exercise his rights under the FMLA.

36.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601,** *et seq.*
**<u>INTERFERENCE</u>**

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38.      Defendant is a "covered employer" under the FMLA and employed at least 50 employees within a 75-mile radius of Plaintiff's worksite for each working day in each of 20 or more calendar weeks in 2024, 2023, and 2022.

39.     At all times material hereto, Plaintiff was an eligible employee under the FMLA because he had been employed by Defendant for at least 1,250 hours of service during the previous

12-month period and was entitled to take up to 12 weeks of unpaid leave in order to care for his own serious health condition.

40.     Plaintiff provided adequate notice to Defendant of his need for medical leave to seek treatment for and/or recover from his serious health condition by giving notice as soon as he became aware of the need and as soon as was practicable.

41.     Defendant violated the FMLA by interfering with Plaintiff's right to protected leave under the FMLA.

42.     The aforementioned actions of Defendant constitute as an interference violation of the FMLA.

43.     As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

      A.     Back wages, front pay, and bonuses in an amount to be determined at trial;

      B.     Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

      C.     Liquidated damages;

      D.     Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

      E.     Pre-judgment interest in an appropriate amount; and

      F.     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. 2601, *et seq.*
### <u>RETALIATION</u>

44.    Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.    Defendant is a "covered employer" under the FMLA and employed at least 50 employees within a 75-mile radius of Plaintiff's worksite for each working day in each of 20 or more calendar weeks in 2024, 2023, and 2022.

45.    At all times material hereto, Plaintiff was an eligible employee under the FMLA because he had been employed by Defendant for at least 1,250 hours of service during the previous 12-month period and was entitled to take up to 12 weeks of unpaid leave in order to care for his own serious health condition.

46.    Plaintiff provided adequate notice to Defendant of his need for medical leave to seek treatment for and/or recover from his serious health condition by giving notice as soon as he became aware of the need and as soon as was practicable.

45.    Defendant violated the FMLA by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for exercising his rights under the FMLA.

46.    The aforementioned actions of Defendant constitute retaliation under the FMLA.

47.    As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial;

B.      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C.      Liquidated damages;

D.      Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

E.      Pre-judgment interest in an appropriate amount; and

F.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     /s/ *Mary Kramer*
        Mary Kramer, Esq.
        Eight Penn Center, Suite 1803
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        mkramer@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Dated: June 25, 2026

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.